IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUNIUS BURNO,

        *Plaintiff*,

   v.

DANIEL SILVERMAN, ESQ.

        *Defendant*.

CIVIL ACTION
NO. 11-4315

## MEMORANDUM

**PAPPERT, J.**                                                                             July 23, 2018

Plaintiff Junius Bruno, a prisoner currently incarcerated at SCI-Greene, brings civil rights claims and state law claims against Daniel Silverman, an attorney who represented him in his criminal case. For the following reasons, the Court will grant Burno leave to proceed *in forma pauperis* and dismiss his Complaint.

I.[1]

Public dockets reflect that in March of 2007, Burno was convicted of murder and sentenced to death after a jury trial in the Lehigh County Court of Common Pleas. *See Commonwealth v. Burno*, Docket No. CP-39-CR-0003637-2003 (Lehigh Cty. Ct. of Common Pleas). Silverman was appointed to represent Bruno in connection with post-trial motions. In September of 2009, the trial court granted Burno's motion for a new trial. The Commonwealth appealed and Silverman continued to represent Burno on appeal. In June of 2014, the Supreme Court of Pennsylvania reversed the order granting a new trial, but directed the trial court to consider additional issues raised by

---

[1]     The following facts are taken from Burno's Complaint and public dockets for proceedings related to this case.

1

Burno's post-sentence motion. *See Commonwealth v. Bruno*, 46 EAP 2009 (Supreme Ct. of Pa.); *see also Commonwealth v. Burno*, 154 A.3d 764, 779 (Pa. 2017). During those proceedings, Burno unsuccessfully sought to proceed *pro se*. On remand, the trial court denied Burno relief and he appealed. In 2017, the Supreme Court of Pennsylvania affirmed the trial court's judgment. *Burno*, 154 A.3d at 797.

While Burno was in the course of litigating his criminal case, he filed this civil action against Silverman in July of 2011. Burno brings claims based on his counsel's alleged inadequate performance in connection with his representation of Burno during post-trial proceedings and the first round of proceedings on appeal before the Pennsylvania Supreme Court. Burno alleges that conflicts arose between him and counsel, and that counsel failed to make good on his promises and agreements. He also alleges that Silverman and the trial court "engaged in a conspiracy" to prevent him from proceeding *pro se*, which included Silverman representing to the state court that Burno was incompetent. Overall, it is apparent that Burno was unhappy with Silverman's handling of his case and accuses him of attempting to "tank [his] case on appeal and subject [him] to being put to death by the State . . . ." (Compl. at 9.)

The Complaint indicates that Burno is raising constitutional claims under 42 U.S.C. § 1983, claims under 42 U.S.C. §§ 1985(3) & 1986, and tort claims under Pennsylvania state law. He also seeks, along with money damages, an injunction to remove Silverman as his counsel. This case was originally assigned to Judge Robert Kelly, who granted Burno leave to proceed *in forma pauperis* and stayed the case until Burno "informs the Court that his criminal case has been resolved, including any available appellate or collateral proceedings." (Sept. 26, 2011 Order, ECF No. 8, ¶ 2.)

Burno filed an objection and Judge Kelly, treating the objection as a motion for reconsideration, denied the motion. Burno appealed, but his appeal was dismissed due to his failure to prosecute. On March 20, 2017, the Court received a notice from Burno indicating that his appellate proceedings had terminated. Thereafter, the case was reassigned to this Court and removed from suspense.[2]

II.

As Burno is proceeding *in forma pauperis* the Court is obligated to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (providing that, for cases in which a litigant is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that the case is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant). In that regard, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Burno is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III.

A.

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

---

[2] In a separate case also before this Court which remains pending, Burno seeks a petition for writ of habeas corpus. *See Burno v. Wetzel*, E.D. Pa. Civ. A. No. 15-6307.

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To state a claim for a judicial conspiracy, a complaint should allege facts concerning "the approximate time when the [conspiratorial] agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, [and] the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179.

Here, although Burno accuses Silverman of engaging in a conspiracy with the state trial court, he has not pled facts from which this Court could plausibly infer that an agreement existed between Silverman and the trial court (or anyone else) to violate his constitutional rights. Accordingly, any conspiracy claims against Silverman fail. Additionally, Burno cannot state a constitutional claim against Silverman because Silverman is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). If Burno seeks to hold Silverman liable under § 1983 based on his having allegedly conspired with

4

judges, he may not do so because he has not adequately pled a conspiracy. Accordingly, the Court must dismiss Burno's § 1983 claims.

Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, Burno is essentially claiming that he was deprived of his right to represent himself in his criminal proceeding and/or his right to effective assistance of counsel on appeal. As success on those claims would undermine the judgments in Burno's criminal proceeding, he cannot proceed on his claims at this time because his convictions and sentence have not been reversed, expunged, or otherwise invalidated. *See, e.g.*, *Higgs v. Prezioso*, No. CIV.A. 06-5815(RMB), 2007 WL 1521118, at *7 (D.N.J. May 18, 2007) ("Plaintiff contends that both his trial and appellate counsel provided ineffective assistance. As noted above, these claims are premature until such time as Plaintiff's criminal conviction is invalidated.").

B.

The Complaint indicates that Burno seeks to raise claims under 42 U.S.C. § 1985(3) and § 1986. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal

5

protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). As noted above Burno has not pled a conspiracy, let alone a conspiracy motivated by the type of race- or class-based discrimination that is required to state a claim under § 1985(3). Therefore, the Court will dismiss his § 1985 claim. Burno's failure to plead a claim under § 1985 is also fatal to his claim under § 1986. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 n. 5 (3d Cir.1994). In any event, these claims are not currently cognizable for the same reasons Burno's § 1983 claims are not cognizable—*i.e.*, success on those claims would undermine the constitutionality of his intact convictions. *See Cook v. City of Philadelphia*, 179 F. App'x 855, 859 (3d Cir. 2006) (per curiam); *see also Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam).

C.

All that remain are Burno's claims under state law, but it is not clear that the Court possesses jurisdiction over those claims.[3] The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete

---

[3]    The Court declines to exercise supplemental jurisdiction, having dismissed Burno's federal claims.

6

diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, it appears that both Burno and Silverman are citizens of Pennsylvania. Accordingly, the Court cannot exercise diversity jurisdiction over Burno's claims.

IV.

For the foregoing reasons, the Court will dismiss Burno's federal claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss Burno's claims under state law for lack of subject matter jurisdiction. The dismissal is without prejudice to Burno reasserting his federal claims if and when his convictions are invalidated and without prejudice to his reasserting his state law claims in state court. Burno will not be permitted to file an amended complaint in this case.

An appropriate Order follows.

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.